UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DANIEL N. BEGLY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:16CV60-PPS |
| vs. | ) |  |
|  | ) |  |
| EVAN S. ROBERTS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Daniel N. Begly, a *pro se* prisoner, filed this case pursuant to 42 U.S.C. § 1983 against two deputy prosecuting attorneys and a State court judge. He complains that the deputy prosecutors filed a motion in limine, which the judge granted during his State criminal trial in December 2015. Begley alleges the motion in limine denied him the ability to present a proper defense at trial and resulted in him being convicted of a criminal offense. Further, Begley complains about the process he received during his criminal trial.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, any claim against the state judge for his rulings in Begly's case is barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). Similarly, the deputy prosecutors are entitled to absolute prosecutorial immunity for their actions taken "as an advocate for the State" in Begly's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Filing motions in limine during trial is part of the presenting of the State's case. Accordingly, all three of these defendants are immune from suit.

Even if Begly could name a proper defendant in connection with his claims who is not immune from suit, his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Begley brings a host of complaints surrounding the process he received during his criminal trial that resulted in his conviction. However, a claim for damages in connection with these claims, if successful, would be inconsistent with the resulting conviction against Begly. *Id.*; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("If [a claim for civil damages] could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and

2

the criminal defendant would be able to collaterally attack the prosecution in a civil suit."). Accordingly, any such claim cannot be brought unless and until his criminal conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-7. There is no indication that any of these events has taken place.

Though it is usually necessary to permit a plaintiff an opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the immunity of the deputy prosecutors and judge or the fact that these claims would be barred by *Heck*.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: February 18, 2016.           /s/ Philip P. Simon
                                                                                    Chief Judge
                                                                                    United States District Court